



1   Respond to:
          Kurt F Johnson, living soul
2         Deborah Jean Welsh, living soul
          c/o  KURT F JOHNSON-FICTION-13177-081
3              DUBLIN FEDERAL DETENTION CENTER
               5675 8ᵀᴴ ST. CAMP PARKS
4              DUBLIN, CA. [94568]

5

6

7              **UNITED STATES DISTRICT COURT**
8              **NORTHERN DISTRICT OF CALIFORNIA**
               **OAKLAND DISTRICT**
9

10  KURT F. JOHNSON,
    DEBORAH JEAN WELSH,                    CV 08       1155 (PR)
11                                         CASE NO.

12                **Plaintiff,**
                                           COMPLAINT, OFFER OF SETTLEMENT FOR
13  Vs.                                    FILING FEES, STATEMENT AS TO
                                           EXHAUSTION OF ADMINISTRATIVE
    UNITED STATES                          REMEDIES, TEMPORARY RESTRAINING ORDER
14  BUREAU OF PRISONS,                     REQUEST, ORDER
    FDC DUBLIN,
15  STATE OF CALIFORNIA,
    PAUL COPENHAVER as WARDEN as
16  INDIVIDUAL,
    THERESA Y. BUTTS as  ASSOCIATE WARDEN
17  as INDIVIDUAL,
    THOMAS A. JONES as  ASSOCIATE WARDEN
18  as INDIVIDUAL,
    WILLIAM KUBITZ as JAILHOUSE
19  ADMINISTRATOR as INDIVIDUAL,
    MICHAEL BERNHARDT as CAPTAIN as
20  INDIVIDUAL,
    JANET AUGUSTINE as CASE MANAGER as
21  INDIVIDUAL,
    TONY RIVAS as CORRECTIONAL COUNSELOR
22  as INDIVIDUAL,
    ROBERT POWERS as CORRECTIONAL
23  COUNSELOR as INDIVIDUAL,
    VALERIE STEWART as REGIONAL COUNSEL
    as INDIVIDUAL,
    DOES 1-50,

24

25                **Defendants,**

26

COMPLAINT, OFFER OF SETTLEMENT FOR FILING FEES, STATEMENT AS TO EXHAUSTION OF
      ADMINISTRATIVE REMEDIES, TEMPORARY RESTRAINING ORDER REQUEST, ORDER

1

## NOTICE

2    This is the last administrative offer made by plaintiffs to settle this
3  matter without litigation.  If the defendants will restore visiting between
4  husband and wife KURT F. JOHNSON and DEBORAH JEAN WELSH this case will be
5  dismissed.  Damages will be waived and not reasserted if parties continue in
6  honorable behavior consistent with public policy and the law.

7

## INTRODUCTION

8    On March 3, 2006 plaintiff KURT JOHNSON (JOHNSON) was delivered to the
9  FDC Dublin facility as part of the incarceration related to the criminal case
10  CR 05-00611 WHA out of the San Francisco Division.  JOHNSON is required by
11  due process rights to remain at this facility.  Shortly thereafter plaintiff
12  DEBORAH JEAN WELSH (WELSH) was approved to visit as a common law wife.
13  Visits were regular throughout the tenure of JOHNSON'S stay until about
14  September 18, 2007.  At that time JOHNSON was informed that the policy for
15  the facility was only to allow spouses and immediate family to visit and that
16  a common law spouse was not recognized by California so none of the
17  defendants would recognize the common law contract or JOHNSON'S spouse.  It
18  is believed that this action is punitive because of prior conflicts JOHNSON
19  had with the defendants and that the defendants are knowingly and
20  deliberately violating the rights of plaintiffs with a wanton disregard for
21  the law.

22

## FACTS

23    Plaintiffs are husband and wife for all times relevant to this action.
24  As part of that contract of marriage they are entitled to the benefits
25  without depravation unless through just compensation or a lawful basis.  The
26  law is clear that the government shall not impair the obligations of legal

COMPLAINT, OFFER OF SETTLEMENT FOR FILING FEES, STATEMENT AS TO EXHAUSTION OF
ADMINISTRATIVE REMEDIES, TEMPORARY RESTRAINING ORDER REQUEST, ORDER

1   contracts.   The marriage contract has been established legal and binding
2   longer than the Constitution relied upon for the defendants and this court's
3   existence.   There are many more damages occurring by the deprivation of
4   rights that exceed this right of visitation being stolen and addressed by
5   this complaint.   Those rights are being addressed though other methods and
6   this complaint is limited in scope to the restoration and compensation of the
7   deprived right to visit between spouses.   The defendants have in various ways
8   been noticed administratively that plaintiffs want their right restored.   All
9   attempts have been rebuffed with "that's policy" retorts.   An unlawful policy
10  does not create a right.   Marriage is a solemn contract that has many
11  benefits inherent within it.   The policy of government is to keep the ties to
12  community for those incarcerated because it meets the ultimate goals of
13  public policy to benefit the community of people.   The walls and gates of a
14  prison do not suspend the constitution, rights, or contracts.   Plaintiffs are
15  being subjected to a violation of public policy by the enforcement of some
16  junior policy inconsistent with public policy.   Plaintiff's other rights are
17  not coming into question but the right to see each other, to touch each
18  other, and to view each other within the confines of and without violation of
19  other policies such as security policy is not too much to ask or expect.   The
20  defendants are not in anyway prejudiced by the visits, incur no extra cost,
21  have already allowed such visits without incident.   They are without excuse
22  to eliminate these visits and without a lawful basis to do so.

23                                   **THE CLAIM**

24       The government is precluded from the conversion of a right into a
25  privilege to exact a fee and to issue a license.   The marriage license issued
26  by the State of California is not evidence of the contract already entered by

COMPLAINT, OFFER OF SETTLEMENT FOR FILING FEES, STATEMENT AS TO EXHAUSTION OF
ADMINISTRATIVE REMEDIES, TEMPORARY RESTRAINING ORDER REQUEST, ORDER
Page 3 of 14

1   plaintiffs and is an offer of another contract being coerced into being by

2   the deprivation of right and the cruel and unusual punishment of being

3   subjected to lawless behavior from those whose ignorance can be no excuse.

4   It is not a remedy to coerce people into unnecessary contracts that benefit

5   undisclosed parties.  The State of California is free to "recognize" common

6   law marriage or not within its administrative affairs but that is not the

7   same as having the ability to violate the law by not recognizing a valid and

8   binding contract they are not a party to or able to impair.  If this logic

9   was left unchecked they may look to the dissolving of corporations not

10  "recognized" because the are incorporated in other jurisdictions.  The State

11  of California is absent jurisdiction to deny the lawful contract of the

12  plaintiffs.  No benefits are being asked for from the State of California

13  that would fall within their administration.  Without any benefit sought and

14  obtained there is not a binding obligation created or accepted.  California

15  is not consistent with it's policy even if it was appropriate to rely upon.

16  In the Family Court of Santa Clara JOHNSON'S prior common law wife filed for

17  divorce in case number 1-07-FL139313 and was "recognized" or the case is

18  without jurisdiction.

19       The federal government is not subjected to the regulations of

20  California within its jurisdiction.  California's rules, regulations, and

21  policies are not binding.  The federal government has no duty to look to

22  California for what it "recognizes" or not.  Furthermore they are bound by

23  their own laws which already "recognize" the common law contract of marriage.

24  The defendants by their office and individual choices have all stepped

25  outside the law on a whim that "recognition" in California is an exemption

26  from the prohibitions within the laws binding upon them.  The federal

COMPLAINT, OFFER OF SETTLEMENT FOR FILING FEES, STATEMENT AS TO EXHAUSTION OF
ADMINISTRATIVE REMEDIES, TEMPORARY RESTRAINING ORDER REQUEST, ORDER
Page 4 of 14

1  government is not allowed to impair the obligations of contracts anymore than
2  California.   They are not allowed to play patty-cake with swapping
3  jurisdictions to avoid the liability of violations of law.   Any law not
4  consistent with the supreme law of the land is void as though it never was
5  created.   How much more a simple policy in a branch of the executive?   The
6  defendants are all studied in law and trained in the enforcement thereof.
7  How is it that such nonsensical efforts of lawlessness can be contemplated?
8  Each defendant has been involved in the visiting issue with the plaintiffs
9  and has failed to uphold the law.   Does are listed because the plaintiffs are
10 not certain if this is a complete list of parties involved.   Discovery should
11 sort this out.

12     Their policy is not even consistent with other institutions within
13 their system.   Furthermore my mother-in-law is part of the marriage contract
14 benefit and should be allowed to visit if all the other requirements are met
15 as an immediate family member.

16 **ADMINISTRATIVE EXHAUSTION**

17     The normal process of BP-8, 9, and 10 have not been used in this
18 situation since the tenets of their purpose have already been accomplished.
19 The exhaustion of administrative remedies is for judicial economy, to avoid
20 litigation, to supply appropriate notice with an opportunity to cure.   Over
21 the four months of deprivation JOHNSON personally confronted most of the
22 defendants and politely asked them to reconsider their policy.   JOHNSON
23 further supplied a legal treatise on the subject matter to defendant Kubitz
24 to forward to the appropriate parties.   This treatise had in bold lettering
25 NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPLE, NOTICE TO THE PRINCIPLE IS
26 NOTICE TO THE AGENT.   Still no remedy was afforded JOHNSON except that is our

1  policy go get married by California.  Finally JOHNSON informed Mr. Kubitz of

2  the intentions to seek a judicial remedy even though the desire was only for

3  the restoration of visits and not litigation.  Mr. Kubitz informed JOHNSON

4  that he had e-mailed defendant Ms. Valerie Stewart on Monday 1-21-08 who

5  functions as the regional counsel and on 1-25-08 informed JOHNSON that there

6  would be no change in policy.  It is believed by JOHNSON that these actions

7  taken to mitigate damages are consistent with public policy, gave ample

8  opportunity to cure, noticed all the parties, would be effective and accepted

9  under the Uniform Commercial Code, and run parallel to the Bureaus

10  administrative  policies.  Finally a courtesy copy of this document was

11  delivered by the internal mail system to each party as a proposed complaint

12  in hopes they would repent of their lawlessness before it was filed by

13  JOHNSON.

14  **RELIEF SOUGHT**

15      Plaintiffs are seeking compensatory damages of $5,000.00 for every

16  missed visit based on the visiting days that were available to visit from the

17  suspension until their restoration.  Whatever appropriate punitive damages

18  are justified by the level of misanthropy.  Plaintiffs would suggest Pacific

19  Mut. Life Ins. Co. v. Halsip (1991) 499 U.S. 1, 111 S. Ct. 1032 be considered

20  as governing these damages.  That the mother-in-law be allowed to visit. That

21  each defendant be jointly and severely liable unless they can show cause on

22  how they attempted to follow the law in objection to the policy of

23  lawlessness.  That the attached Temporary Restraining Order (TRO) be granted

24  immediately to mitigate the damages.  That this court make it clear for

25  plaintiffs and those like situated that any policy contrary to public policy,

26  public law, honesty, fair dealing, reasonableness, will not be enforced at

COMPLAINT, OFFER OF SETTLEMENT FOR FILING FEES, STATEMENT AS TO EXHAUSTION OF
ADMINISTRATIVE REMEDIES, TEMPORARY RESTRAINING ORDER REQUEST, ORDER
Page 6 of 14

1  the detriment of rights and that those who do so under the color of law will
2  not be exempted from the damages they create with their wanton disregard for
3  the law.

4                                    **THE LAW**

5       The Constitution of the United State makes it clear in Article I
6  section X that no state shall by the passing of a law impair "the obligation
7  of contracts" California has a corresponding provision though it is not
8  available to plaintiff.  Title 42 1983 allows for the redress of civil rights
9  violations.  Murdock v. Pennsylvania 319 US 105, 83 Le 1292, 63 S. Ct. 870
10 makes it clear that the state can not take a right convert it into a
11 privilege, and exact a fee.  The taking of the right to the obligation of the
12 marriage contract and converting it into a privilege to be "recognized" by
13 the state by the issuance of a license and exacting a fee is in direct
14 contravention to the law unless it is offered as a separate contract that is
15 entered into voluntarily by the parties.  It cannot be coercively forced upon
16 a party and still have the sanction of law.  Plaintiffs have made no such
17 voluntary acceptance of the offer of California nor do they wish to be
18 coerced by the federal government's deprivation, it's agents, and defendants
19 of right to enter into that "recognized" contract.  In Meister v. Moore 96 US
20 76 the holding never overturned and still valid law is "As before remarked,
21 the statutes are held *merely directory*; because *marriage is a thing of common*
22 *right*..  Turner v. Safely 482 US 78, 96 L Ed. 2d 64, 107 S Ct. 2254 recognizes
23 that a correctional facility can impose policies that are necessary for
24 security and safety but clearly cannot be infirmed on their face by their
25 infringing upon the fundamental constitutional rights.

26

1        The IRS excepts the common law marriage for all its marital policies.

2   The amount of IRS clients taking that privilege from California alone would

3   be too many to count.

4                              **SETTLEMENT OFFER**

5   The plaintiff JOHNSON asks this court to off set the filing fee from whatever

6   budget they have access or control over and to apply the exemption as a

7   matter of public law 73-10 and public policy.  There is no controversy as to

8   the expense.  JOHNSON freely and without reservation by the endorsement upon

9   this document authorize the fee issued to retain this court's services be

10  discharged, set-off, or settled in accordance with House Joint resolution

11  192, Public law 73-10 and public policy and that the exemption account within

12  the US Treasury office under the CUSIP number 557195389 having been properly

13  established by law be properly levied.  This has been accepted as an

14  appropriate settlement offer 3 times now by the 9th Circuit under case numbers

15  07-10519, 07-10423, 06-73277, there should be no problem.  Further this fact

16  can be easily verified by minute entry number 530 in case CR 05-00611 WHA

17  which was the letter used to obtain acceptance by the 9th on account 07-10519.

18              **VERIFICATION, AFFIDAVIT, DECLARATION**

19       We, KURT F. JOHNSON, and DEBORAH JEAN WELSH, Plaintiffs, do certify

20  under penalty of perjury as specified in the Laws of God that we have read

21  the foregoing COMPLAINT, OFFER OF SETTLEMENT FOR FILING FEES, STATEMENT AS TO

22  EXHAUSTION OF ADMINISTRATIVE REMEDIES, TEMPORARY RESTRAINING ORDER REQUEST,

23  ORDER, pursuant to the First Amendment, and that the contents thereof are

24  true and correct and to those things based upon belief we believe them to be

25  true.

26

1  Executed this 2nd Day of February, Year of Our Lord 2008, at the County of

2  Alameda, State of California (1849):

3

4                              Respectfully submitted,

5

6  Dated: February ___19___, 2008      By: _____ //ss//
                                        UNDER RESERVE WITHOUT RECOURSE
7                                       DEBORAH JEAN WELSH-FICTION-PLAINTIFF

8

9                                       By: _____ //ss//
                                        UNDER RESERVE WITHOUT RECOURSE
10                                      KURT F. JOHNSON-FICTION-PLAINTIFF

11

12  **DISCLAIMER:** The sovereign natural parties by their participation with the
    customs and usage of trade procedures (local rules, evidence rules, civil
13  procedures, statutes, regulations, and rules) do not infer or imply consent
    or acceptance, but are merely attempting to extricate themselves from the
14  hostile coercive trespass upon their rights, title, and interest and the
    dishonor of fiduciaries not settling the matter in accordance with provided
15  instructions and public policy while in all ways are seeking honor in
    commerce.

16                              **PROOF OF SERVICE**

        I, Deborah Jean Welsh, a natural woman, hereby certify that I have
17  served a true and correct and complete copy of the **COMPLAINT, OFFER OF
    SETTLEMENT FOR FILING FEES, STATEMENT AS TO EXHAUSTION OF ADMINISTRATIVE
18  REMEDIES, TEMPORARY RESTRAINING ORDER REQUEST, ORDER,** upon the following
    listed parties by placing it in the U.S. mail with the appropriate postage
19  addressed to on February ___19___, 2008:

20  Mr. William Kubitz                     Ms. Janet Augustine
    Jailhouse Administator                 Case Manager
    5701 8th St. CAMP PARKS                5701 8th St. CAMP PARKS
21  DUBLIN CA 94568                        DUBLIN CA 94568

22  Mr. Robert Powers                      Mr. Michael Bernhardt
    Correctional Counselor                 Captian
23  5701 8th St. CAMP PARKS                5701 8th St. CAMP PARKS
    DUBLIN CA 94568                        DUBLIN CA 94568

24  Mr. Tony Rivas                         Ms. Valerie Stewart
    Correctional Counselor                 Regional Counsel (CASBN  85654)
25  5701 8th St. CAMP PARKS                7950 Dublin Blvd. 3rd Floor
    DUBLIN CA 94568                        DUBLIN CA 94568

26

    COMPLAINT, OFFER OF SETTLEMENT FOR FILING FEES, STATEMENT AS TO EXHAUSTION OF
         ADMINISTRATIVE REMEDIES, TEMPORARY RESTRAINING ORDER REQUEST, ORDER
                                 Page 9 of 14

1   Mr. Paul Copenhaver
    Warden
2   5701 8th St. CAMP PARKS
    DUBLIN CA 94568

3   Ms. Teresa Y. Butts
    Associate Warden
4   5701 8th St. CAMP PARKS
    DUBLIN CA 94568

5
    Mr. Thomas A. Jones
6   Associate Warden
    5701 8th St. CAMP PARKS
7   DUBLIN CA 94568

    FEDERAL BUREAU OF PRISONS
8   320 FIRST ST. NW
    WASHINGTON DC 20534

9

FDC Dublin
5701 8th St. CAMP PARKS
DUBLIN CA 94568

STATE OF CALIFORNIA
ATTORNEY GENERAL
JERRY BROWN
P. O. Box 944255
SCARAMENTO CA 94244-2550

UNITED STATES
ATTORNEY GENERAL
950 Pennsylvania Avenue N.W.
Washington DC  20530

Scott Schools
450 Golden Gate Av
San Francisco Ca 94102

10

11   By:_____    //ss//
12   For:   UNDER RESERVE WITHOUT RECOURSE
            DEBORAH JEAN WELSH-FICTION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT, OFFER OF SETTLEMENT FOR FILING FEES, STATEMENT AS TO EXHAUSTION OF
ADMINISTRATIVE REMEDIES, TEMPORARY RESTRAINING ORDER REQUEST, ORDER
Page 10 of 14

1  Respond to:
        Kurt F Johnson, living soul
2       Deborah Jean Welsh, living soul
        c/o    KURT F JOHNSON-FICTION-13177-081
3             DUBLIN FEDERAL DETENTION CENTER
              5675 8TH ST. CAMP PARKS
4             DUBLIN, CA. [94568]

5

6

7                  **UNITED STATES DISTRICT COURT**

8                 **NORTHERN DISTRICT OF CALIFORNIA**

                          **OAKLAND DISTRICT**
9

10  KURT F. JOHNSON,
    DEBORAH JEAN WELSH,

11                                        **CASE NO.**

                    **Plaintiff,**
12                                        TEMPORARY RESTRAINING ORDER REQUEST,
    Vs.                                   ORDER

13
    UNITED STATES
14  BUREAU OF PRISONS,
    FDC DUBLIN,
15  STATE OF CALIFORNIA,
    PAUL COPENHAVER as WARDEN as
    INDIVIDUAL,
16  THERESA Y. BUTTS as   ASSOCIATE WARDEN
    as INDIVIDUAL,
17  THOMAS A. JONES as   ASSOCIATE WARDEN
    as INDIVIDUAL,
18  WILLIAM KUBITZ as JAILHOUSE
    ADMINISTRATOR as INDIVIDUAL,
19  MICHAEL BERNHARDT as CAPTAIN as
    INDIVIDUAL,
20  JANET AUGUSTINE as CASE MANAGER as
    INDIVIDUAL,
    TONY RIVAS as CORRECTIONAL COUNSELOR
21  as INDIVIDUAL,
    ROBERT POWERS as CORRECTIONAL
22  COUNSELOR as INDIVIDUAL,
    VALERIE STEWART as REGIONAL COUNSEL
23  as INDIVIDUAL,
    DOES 1-50,

24

                    **Defendants,**
25

26

    COMPLAINT, OFFER OF SETTLEMENT FOR FILING FEES, STATEMENT AS TO EXHAUSTION OF
      ADMINISTRATIVE REMEDIES, TEMPORARY RESTRAINING ORDER REQUEST, ORDER
                              Page 11 of 14

1

## **TEMPORARY RESTRAINT OF POLICY**

2       Plaintiffs seek a temporary restraint of the policy that denies the
3  visiting of plaintiff DEBORAH JEAN WELSH wife to inmate plaintiff KURT
4  JOHNSON husband and mother-in-law MARILYN JEAN WELSH which is clearly in
5  violation of the law, creates no hardship on the defendants, and would be
6  consistent with public policy and public law.

7

## **DAMAGES**

8       Plaintiffs are suffering irreparable harm with no remedy but the law to
9  rectify.  Defendants are enjoying the benefits of lawlessness at the expense
10  of plaintiffs.  There is no cost or possible damage to defendants by the
11  granting of this order in that plaintiff were already allowed to visit
12  without incident, their desire to visit is consistent with the law and their
13  rights under those laws, creates no extra burden or cost in that the
14  defendants already have provisions built into their facility for the
15  facilitation of the request.  The damages to the plaintiffs are continuing
16  and unabated and without any other remedy except by the power of this court
17  to cease.  No amount of discussion or solicitation with the defendants has
18  netted anything but a hard line of deprivation.  No logic or commonsense has
19  been offered by the defendants as well as no remedy except go get married in
20  California.  This is not a viable remedy in that none of the defendants will
21  disclose the terms and conditions of the contract or bear the liabilities.
22  The court is safe in granting this TRO because there is no other risk or
23  policy infringements that would come into question.  The court has past
24  practice, the law, no possible cost or damage to the defendants, all on the
25  side of its cautious considerations for such an order being granted.

26

1   Respond to:
        Kurt F Johnson, living soul
2       Deborah Jean Welsh, living soul
        c/o   KURT F JOHNSON-FICTION-13177-081
3               DUBLIN FEDERAL DETENTION CENTER
                5675 8TH ST. CAMP PARKS
4               DUBLIN, CA. [94568]

5

6

7                   **UNITED STATES DISTRICT COURT**

8                **NORTHERN DISTRICT OF CALIFORNIA**
                        **OAKLAND DISTRICT**
9

10  KURT F. JOHNSON,
    DEBORAH JEAN WELSH,

11                                          **CASE NO.**

                        **Plaintiff,**
12                                          TEMPORARY RESTRAINING **ORDER**

    Vs.
13
    UNITED STATES
14  BUREAU OF PRISONS,
    FDC DUBLIN,
15  STATE OF CALIFORNIA,
    PAUL COPENHAVER as WARDEN as
    INDIVIDUAL,
16  THERESA Y. BUTTS as   ASSOCIATE WARDEN
    as INDIVIDUAL,
17  THOMAS A. JONES as   ASSOCIATE WARDEN
    as INDIVIDUAL,
18  WILLIAM KUBITZ as JAILHOUSE
    ADMINISTRATOR as INDIVIDUAL,
19  MICHAEL BERNHARDT as CAPTAIN as
    INDIVIDUAL,
20  JANET AUGUSTINE as CASE MANAGER as
    INDIVIDUAL,
    TONY RIVAS as CORRECTIONAL COUNSELOR
21  as INDIVIDUAL,
    ROBERT POWERS as CORRECTIONAL
22  COUNSELOR as INDIVIDUAL,
    VALERIE STEWART as REGIONAL COUNSEL
23  as INDIVIDUAL,
    DOES 1-50,

24

                        **Defendants,**
25   _____

26

    COMPLAINT, OFFER OF SETTLEMENT FOR FILING FEES, STATEMENT AS TO EXHAUSTION OF
       ADMINISTRATIVE REMEDIES, TEMPORARY RESTRAINING ORDER REQUEST, ORDER
                              Page 13 of 14

1    It is hereby ordered by this court that the defendants are temporarily

2    restrained from the practice of denying plaintiffs their social visits for

3    any reason related to their relationship.  This order shall remain in effect

4    for 90 days or until good cause can be presented for it to quashed.

5

6    If the court has checked the box it is further ordered that:

7

8    ❏ The mother-in-law if she meets all the security requirements of the

9        normal approval process is not to be restrained from social visits and

10       is to be considered immediate family for the purposes of policy.

11

12       This is to take effect immediately upon delivery with visits restored.

13

14   ❏ Plaintiffs are to be allowed extended visits as a compensation for

15       their deprivation within the normal confines of the current policy of 2

16       hours.

17

18

19   **IT IS SO ORDERED**  _____

20                                        UNITED STATES FEDERAL JUDGE

21

22   Dated: February _____, 2008

23

24

25

26

COMPLAINT, OFFER OF SETTLEMENT FOR FILING FEES, STATEMENT AS TO EXHAUSTION OF
ADMINISTRATIVE REMEDIES, TEMPORARY RESTRAINING ORDER REQUEST, ORDER
Page 14 of 14

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

**SUMMONS IN A CIVIL CASE**

KURT F. JOHNSON
DEBORAH JEAN WELSH
  **V.**

CASE NUMBER:

UNITED STATES
BUREAU OF PRISONS et. al.

TO: (Name and address of defendant)

See Attached List

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

KURT JOHNSON 13177-081
FEDERAL DETENTION CENTER
5675 8TH ST. CAMP PARKS
DUBLIN CA 94568

an answer to the complaint which is herewith served upon you, within  45  days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

DATE_____

_____
(BY) DEPUTY CLERK

## SUMMONS
## ATTACHMENT
## LIST

The following parties listed bellowed are those whom will be served by the delivery of summons and complaint.

Mr. William Kubitz
Jailhouse Administator
5701 8th St. CAMP PARKS
DUBLIN CA 94568

Mr. Robert Powers
Correctional Counselor
5701 8th St. CAMP PARKS
DUBLIN CA 94568

Mr. Tony Rivas
Correctional Counselor
5701 8th St. CAMP PARKS
DUBLIN CA 94568

Ms. Janet Augustine
Case Manager
5701 8th St. CAMP PARKS
DUBLIN CA 94568

Mr. Michael Bernhardt
Captian
5701 8th St. CAMP PARKS
DUBLIN CA 94568

Ms. Valerie Stewart
Regional Counsel (CASBN 85654)
7950 Dublin Blvd. 3rd Floor
DUBLIN CA 94568

Mr. Paul Copenhaver
Warden
5701 8th St. CAMP PARKS
DUBLIN CA 94568

Ms. Teresa Y. Butts
Associate Warden
5701 8th St. CAMP PARKS
DUBLIN CA 94568

Mr. Thomas A. Jones
Associate Warden
5701 8th St. CAMP PARKS
DUBLIN CA 94568

AO 440 (Rev. 8/01) Summons in a Civil Action

# RETURN OF SERVICE

|  | DATE |
|---|---|
| Service of the Summons and Complaint was made by me [1] | |

| Name of SERVER | TITLE |
|---|---|

*Check one box below to indicate appropriate method of service*

☐   Served Personally upon the Defendant. Place where served:

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐   Returned unexecuted:

☐   Other *(specify):*

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____

*Date*

_____
*Signature of Server*

_____
*Address of Server*

(1)  As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

CV **08** ⊨ **1155** *MMC* *(PR)*

Clerk of the Court

February 3, 2008

I have submitted this complaint with the legal request to have you file it with the fee set-off in accordance with public law 73-10. This makes the forma paupers request obsolete and irrelevant. This settlement of your claim for a fee is sufficient to cover both parties and the entire amount requested. To make this demand of me is against public policy and the law. As to the exhaustion of administrative remedies I have fully plead that within the complaint. If you still feel that you are barred from filing this complaint please contact Mr. Wieking who is familiar with me and my filings with the court of appeals that have accepted my exemption without incident. Thank you for your kind service.

Sincerely,

//SS//
KURT JOHNSON

•JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Kurt F Johnson, living soul

Deborah Jean Welsh, living soul

**(b)** County of Residence of First Listed Plaintiff ___Alameda___
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
c/o KURT F JOHNSON-FICTION-13177-081   5675 8ᵀᴴ ST. CAMP PARKS

DUBLIN FEDERAL DETENTION CENTER     DUBLIN, CA. [94568]

## DEFENDANTS
UNITED STATES et.al.

County of Residence of First Listed Defendant ___Alameda___
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
(U.S. Government Not a Party)

☒ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                      and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
another district
(specify)

☐ 6   Multidistrict
Litigation

☐ 7   Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 § 1983

Brief description of cause:
Prison and parties are denying visiting rights through marriage discrimination

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**
5,000 per incident

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):     JUDGE                           DOCKET NUMBER

DATE   February 2, 2008     SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)     ☒ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE

FEDERAL PRISSION CAMP

5675 8th St CAMP PAPERS

DUBLIN, CA 94568

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL** TM

7007 0710 0004 7809 4183

INSPECTED BY

FEB 2 0 2008

U.S. MARSHALS SERVICE

UNITED STATES DISTRICT COURT,

Northern California Oakland

1301 Clay Street, Suite 400S

Oakland, CA 94612-5212

UNITED STATES
POSTAL SERVICE

0000

9461 2

U.S. POSTAGE
PAID
OAKLAND, CA
FEB 19, 08
AMOUNT
$5.49
00054538-