IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT F. JOHNSON and DEBRA JEAN WELSH,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES BUREAU OF PRISONS, et al.,<br><br>    Defendants.<br>_____ | No. C 08-1155 MMC (PR)<br><br>**ORDER DENYING REQUEST AND EX PARTE MOTION TO SETTLE FILING FEE AND FOR TEMPORARY RESTRAINING ORDER; DIRECTIONS TO CLERK**<br><br>**(Docket No. 4)** |

    On February 27, 2008, plaintiffs Kurt F. Johnson ("Johnson"), a federal prisoner, and Deborah Jean Welsh ("Welsh"), identified in the complaint as Johnson's common-law wife, both proceeding pro se, filed the above-titled civil rights action. Plaintiffs complain that prison officials at the Dublin Federal Detention Center, where Johnson is incarcerated, have discontinued all visits between Johnson and Welsh because the two are not legally married. By this action, plaintiffs seek to compel the resumption of such visits.

    On the same date as that on which plaintiffs filed their action, the Court notified Johnson that the action was deficient due to his failure to pay the requisite filing fee or, instead, to submit a completed court-approved in forma pauperis ("IFP") application.[1] In said notice, Johnson was advised that his failure to pay the filing fee or, alternatively, to file a completed IFP application, within thirty days, would result in dismissal of the action. Along with said notice, Johnson was sent a copy of the court's IFP application, instructions for

---

[1] Although both Johnson and Welsh signed the complaint, only Johnson's address at the Dublin Federal Detention Center is listed on the civil cover sheet and the title-page of the complaint; consequently, the notification was sent to Johnson alone.

completing it, and a return envelope.  To date, Johnson has neither paid the filing fee nor filed the requisite IFP application.

In their complaint and their subsequently-filed "Ex Parte Motion to Settle Filing Fee and to Rule on TRO," plaintiffs acknowledge they have not complied with the court's filing-fee requirements; they assert they do not have to comply because they are entitled to a waiver of said requirements.  Specifically, plaintiffs set forth an "Offer of Settlement for Filing Fees," asking the Court to waive the filing-fee requirements and, instead, allow any filing fee to be paid out of the money damages they anticipate they will receive from defendants when this action is resolved.  In support of their request for such waiver, plaintiffs allege that the Ninth Circuit has allowed them to proceed IFP on appeal in Johnson's criminal cases by allowing an "exemption" from the Ninth Circuit's IFP requirements.  Plaintiffs have provided no documentary evidence of any such exemption, nor is there any evidence of such in the court dockets for the Ninth Circuit criminal cases plaintiffs reference.  Moreover, the terms under which the Ninth Circuit has granted leave to proceed IFP on appeal in Johnson's criminal cases has no bearing on plaintiffs' obligation to comply with this Court's requirements for proceeding IFP in a civil action.

With respect to the instant action, plaintiffs are not entitled to a waiver of the court's filing-fee requirements; accordingly, their original request and subsequent motion to settle the filing fee will be denied.  In order to proceed with the action, plaintiffs must either pay the requisite filing fee in this matter or must each submit a court-approved IFP application showing he/she is unable to pay the fee.  Although the Court will collect only one filing fee for a case in which multiple plaintiffs have properly joined, each plaintiff must separately apply for and receive leave to proceed IFP.

In addition to their request to settle the filing fee, plaintiffs ask the Court to enter a temporary restraining order ("TRO") compelling prison officials at the Dublin Federal Detention Center to restore all visits between Johnson and Welsh and Johnson and his mother-in-law.  The Court will not rule on such matters until plaintiffs have complied with the filing-fee requirements set forth above.  Further, no request for a TRO or preliminary

injunctive relief will be considered unless plaintiffs have complied with the notice requirements for issuance of a TRO or preliminary injunction, or have certified the reasons for their failure to provide such notice. See Fed. R. Civ. P. 65(a)(1), (b)(1). Accordingly, plaintiffs' request for a TRO, and their motion for a ruling thereon,[2] will be denied.

## CONCLUSION

In light of the foregoing, the Court orders as follows:

1. Plaintiffs' request and motion to settle the filing fee are hereby DENIED. Within **thirty** days of the date this order is filed, plaintiffs shall either pay the filing fee in this matter or shall **each** submit a completed court-approved IFP application. Plaintiffs' failure to do so will result in the dismissal of this action without prejudice.

The Clerk shall send Johnson a court-approved prisoner's IFP application, instructions for completing it, and a return envelope at his address at the Dublin Federal Detention Center.

The Clerk shall send Welsh a non-prisoner's IFP application, instructions for completing it, and a return envelope at the following address, as listed on the title-page of plaintiffs' "Ex Parte Motion to Settle Filing Fee and to Rule on TRO" (docket No. 4):

**Deborah Jean Welsh, 5809 Harbord Dr., Oakland CA 94611.**

2. Plaintiffs' request for a TRO and motion for a ruling thereon are hereby DENIED.

This order terminates Docket No. 4.

IT IS SO ORDERED.

DATED: April 25, 2008

MAXINE M. CHESNEY
United States District Judge

---

[2] Plaintiffs ask the Court to rule on their request for a TRO in their "Ex Parte Motion to Settle Filing Fee and to Rule on TRO."