IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT F. JOHNSON and DEBRA JEAN WELSH, <br><br>　　　　　Plaintiffs, <br><br>　v. <br><br>UNITED STATES BUREAU OF PRISONS, et al., <br><br>　　　　　Defendants. | No. C 08-1155 MMC (PR) <br><br>**ORDER OF DISMISSAL; DENYING REQUEST FOR EXTENSION OF TIME** <br><br>**(Docket No. 6)** |

On February 27, 2008, plaintiffs Kurt F. Johnson ("Johnson"), a federal prisoner, and Deborah Jean Welsh ("Welsh"), identified in the complaint as Johnson's common-law wife, both proceeding pro se, filed the above-titled civil rights action. Plaintiffs complain that prison officials at the Dublin Federal Detention Center, where Johnson was incarcerated at the time he filed this action, discontinued all visits between Johnson and Welsh because the two are not legally married;[1] they seek injunctive relief and monetary damages.

On the same date as that on which plaintiffs filed their complaint herein, the Court notified Johnson that the action was deficient due to his failure to pay the requisite filing fee or, instead, to submit a completed court-approved in forma pauperis ("IFP") application.[2] In said notice, Johnson was advised that his failure to pay the filing fee or, alternatively, to file a

---

[1] According to Johnson's most recent filing in this matter, Johnson now is incarcerated at the Federal Correctional Institution in Safford, Arizona. (Docket No. 6.)

[2] Although both Johnson and Welsh signed the complaint, only Johnson's address at the Dublin Federal Detention Center was listed on the civil cover sheet and the title-page of the complaint; consequently, the notification was sent to Johnson alone.

completed IFP application, within thirty days, would result in dismissal of the action. Along with said notice, Johnson was sent a copy of the court's IFP application, instructions for completing it, and a return envelope. Johnson did not comply with the notice, either by paying the filing fee or filing the requisite IFP application.

In their complaint and a subsequently-filed "Ex Parte Motion to Settle Filing Fee and to Rule on TRO," plaintiffs acknowledged they had not complied with the Court's filing-fee requirements, and asserted they did not have to comply because they are entitled to a waiver of said requirements. In support of such assertion, plaintiffs stated that the Ninth Circuit had allowed them to proceed IFP on appeal in Johnson's criminal cases, by allowing an "exemption" from the Ninth Circuit's IFP requirements.

On April 25, 2008, the Court found plaintiffs were not entitled to waiver of the filing-fee requirements in this matter for the following reasons:

> Plaintiffs have provided no documentary evidence of any such exemption [by the Ninth Circuit], nor is there any evidence of such in the court dockets for the Ninth Circuit criminal cases plaintiffs reference. Moreover, the terms under which the Ninth Circuit has granted leave to proceed IFP on appeal in Johnson's criminal cases has no bearing on plaintiffs' obligation to comply with this Court's requirements for proceeding IFP in a civil action.

(Order, filed April 25, 2008, at 2.)

Accordingly, the Court ordered plaintiffs to either pay the requisite filing fee in this matter or each submit a court-approved IFP application showing he/she is unable to pay the fee. Plaintiffs were granted thirty days in which to comply with the Court's order; further, plaintiffs were informed that their failure to so comply would result in the dismissal of this action without prejudice.

On May 20, 2008, plaintiffs filed a "Request for Extention of Time with Leave to Amend," in which they assert that they are unable to provide "the evidence the court seeks to prove up the exemption sought from the filing fee," because defendants took Johnson's computer and legal documents when Johnson was moved to another prison. (Docket No. 6 at 1.) Plaintiffs ask the Court to grant them an extension of time of ninety days in which to produce such evidence.

2

1 | Plaintiffs' request will be denied. The Court made clear in its April 25, 2008 order
2 | that plaintiffs are not entitled to a waiver of the Court's filing-fee requirements and, contrary
3 | to plaintiffs' assertions, the Court did not order plaintiffs to produce evidence supporting
4 | their claim to such waiver. Rather, plaintiffs were ordered to comply with the Court's filing-
5 | fee requirements either by paying the filing fee or submitting completed IFP applications.
6 | They have failed to do so.

7 | Accordingly, as more than thirty days have passed since the Court's April 25, 2008
8 | order, and plaintiffs have neither paid the filing fee nor filed completed IFP applications, the
9 | above-titled action is hereby DISMISSED without prejudice.

10 | This order terminates Docket No. 6.

11 | The Clerk shall close the file.

12 | IT IS SO ORDERED.

13 | DATED: June 5, 2008

14 | _____
MAXINE M. CHESNEY
United States District Judge